SWANSON, J,
concurs with opinion.
I concur because the order is affirmable based on the record and the arguments before us. I write separately, however, to dispel any notion that today’s opinion stands for the proposition that a JCC may permissibly make a finding of MMI in every instance where an e/c has failed or refused to authorize a medically necessary referral from an authorized treating physician for the purpose of addressing, and possibly treating, a new (or not yet fully diagnosed) medical condition.
In his petition for benefits, Claimant sought both TTD/TPD benefits and an evaluation and'treatment by a gastroenter-ologist as recommended by Dr. Weston, the authorized treating cardiologist. The JCC awarded the requested evaluation by a gastroenterologist for the express purpose of determining if the medication prescribed for Claimant’s compensable heart condition has aggravated a preexisting gastric problem. ‘ Because it is unclear whether there is an aggravation and whether it is caused in major part by the compensable injury, the full extent of Claimant’s compensable injuries as a result of the workplace accident is unknown — and it was'for this very purpose that Claimant was referred for additional medically necessary testing and evaluations. Nevertheless, básed on the medical testimony before her, the JCC, although awarding the requested medical evaluation, denied the claim for temporary disability benefits based on her determination that Claimant had reached overall MMI from his workplace injuries.
My concern in this case is directed toward the JCC’s conclusion that Claimant reached MMI because he did not affirmatively prove that he would, in fact, further recover from his workplace injuries, as this conclusion seems to turn the definition of MMI on in its head.' Specifically, under the text of section 440.02(10), an individual reaches MMI only when it is affirmatively demonstrated that there is no reasonable anticipation of further recovery or lasting improvement from an injury or disease from a medical standpoint, which, ordinarily, cannot be credibly demonstrated when the extent of the injury is still being diagnosed and remains uncertain. In other words, if the full extent of an injury is unknown, and if additional medical evaluations and diagnostics are reasonable and medically necessary because of this uncertainty, it would seem unusual for a physician "recommending such testing to also affirmatively declare (within a reasonable degree of medical probability) that there is no reasonable expectation for further medical improvement. Further, under the textual definition of MMI, any uncertainty in the prospects for further recovery or lasting medical improvement held by the medical providers should, in the ordinary case, weigh against a finding of MMI, as this *150 statutory term (which requires a doctor to affirmatively declare, within a reasonable degree of medical probability, that no improvement is reasonably anticipated) is, by legislative design, an integral part of a compensatory system that requires the real-time provision of medical and disability benefits to an injured employee during the period of medical recovery — a period that is often fraught with uncertainty, which is allayed by medical treatment and evaluations. Thus, any notion that Claimant was required to affirmatively prove that he would in fact recover further disregards the textual guidance provided by the Legislature in its definition of MMI.
Nevertheless, based on the record before us, it does not follow that the error complained of by Claimant in this appeal presents reversible error. Here, the clear and explicit testimony of the medical providers who testified established that Claimant had indeed reached MMI within a reasonable degree of medical probability. Confronted with such evidence, Claimant did not explore the foundation of these opinions, and, importantly, did not create a record demonstrating that any of the doctors whose opinions were accepted by the JCC on the critical issue of MMI misunderstood that term, or harbored uncertainty or positive expectations regarding the prospects of Claimant’s further medical improvement. Without such expository evidence, the record,.as it were, presented an issue of fact to be resolved by the JCC, based on her interpretation and weighing of the evidence. Although it is conceivable that the JCC could have reached a different result had the evidence been viewed differently, here the JCC’s finding regarding the date of MMI is supported by medical opinion testimony.
It is also notable that, although Claimant’s complaint of error regarding the date of MMI is directly tied to his claim for temporary disability benefits, he did not introduce any evidence establishing that he had restrictions that would entitle him to such benefits. Thus, although I believe it is improper for the majority to categorically downplay the potential seriousness of Claimant’s acid reflux condition (the majority suggests that because Claimant is physically and mentally capable of working, it would be “absurd” to award disability benefits “simply because of an acid reflux condition”), on this record, it is difficult to fault the majority in this regard because Claimant has not established that any of his conditions were disabling for the periods for which benefits were claimed. Accordingly, this case should be affirmed, not because' every ruling and conclusion reached by the JCC was correct as a matter of law, but, rather, because the critical findings of fact are supported by the record before us, and Claimant has failed to demonstrate reversible error that warrants relief on appeal.